Filed 8/24/16  P. v. Hill CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C078502 |
| Plaintiff and Respondent, | (Super. Ct. No. SF125430E) |
| v. | |
| MILTON RAY HILL, | |
| Defendant and Appellant. | |

On December 5, 2013, defendant Milton Ray Hill was charged with second degree burglary and receiving stolen property.  The information alleged that defendant had incurred one strike and one prior prison term.

On June 17, 2014, defendant pled guilty to receiving stolen property and admitted the strike and the prior prison term, in return for an agreed state prison term of three years eight months.  The second degree burglary charge was dismissed on motion of the People.

1

According to the police report, on September 10, 2013, defendant sold a gold chain to a pawnshop in Stockton, which later proved to have been stolen from a residence. The pawn slip stated that defendant was paid $1,000 for the chain. On September 16, 2013, defendant tried to buy the chain back from the pawnshop but was told it was not permitted by law. When arrested, defendant claimed he had bought the chain for $500 from a person selling jewelry at a grocery store, then sold it to a pawnshop for $928. He admitted that one of the suspects in the residential burglary was his cousin.

On December 15, 2015, the trial court imposed the agreed three-year, eight-month sentence. The court rejected defendant's request to reduce his offense to a misdemeanor under Proposition 47 based on his claim that he gained only $928 from selling the stolen chain, finding that the evidence showed he was actually paid $1,000 for it.

The trial court awarded defendant 856 days of presentence custody credit (428 actual days and 428 conduct days). The court imposed a $300 restitution fine (plus a 10 percent surcharge, or $30) and a matching suspended parole revocation restitution fine, a $40 court operations assessment, and a $30 criminal conviction assessment. The court also ordered victim restitution in an amount to be determined later.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                            /s/_____
                                            Robie, J.

We concur:

/s/_____
Raye, P. J.

/s/_____
Mauro, J.